UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Edward B. Bennett, | ) | C/A No.: 2:08-cv-0077-GRA-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Sheriff Al J. Cannon, Jr.; Dr. NFN | ) | |
| Peinning; Prison Health Services; | ) | |
| Aramark Food Services; Nurses on Duty; | ) | |
| Officers on Duty; and Charleston County | ) | |
| GS and CP Judge R. Markley Dennis, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court to review two separate Recommendations filed by Magistrate Judge Carr, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(d), D.S.C.  For the reasons stated herein this Court adopts both Recommendations.

**Procedural Background**

Plaintiff filed this action on January 10, 2008, pursuant to 42 U.S.C. § 1983, complaining that the defendants violated his constitutional rights by being deliberately indifferent to his serious medical needs—diabetes and a neck injury.  After conducting an initial review of the plaintiff's complaint, on February 11, 2008, Magistrate Judge Carr filed a Report and Recommendation recommending that this Court dismiss Defendant Judge Dennis without prejudice and without issuance and service of process because of judicial immunity.  Plaintiff did not file objections to this Report.

On May 6, 2008, Plaintiff filed a motion to dismiss Defendant Aramark Food Services. Magistrate Judge Carr issued a Report and Recommendation to this Court on June 5, 2008, recommending that this Court grant the plaintiff's unopposed motion to dismiss Defendant Aramark. Neither the plaintiff nor any defendant filed objections to this Report. Both Reports are now before this Court for consideration.

## Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is

not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). As aforementioned, no objections were filed for either Report and Recommendation.

### Conclusion

After a thorough review of the magistrate's Reports, the record, and the relevant case law, this Court finds that both reports apply sound legal principles to the facts presented. Therefore, this Court adopts both Reports in their entirety.

IT IS THEREFORE SO ORDERED THAT Defendant Judge Dennis be dismissed without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED THAT Plaintiff's motion to dismiss Defendant Aramark Food Services be GRANTED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July 17, 2008
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**